UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTWONE WALKER, :
:
    Petitioner :
:
  v. : CIVIL NO. 4:CV-05-2355
:
RONNIE HOLT, :
: (Judge McClure)
:
    Respondent :

## **MEMORANDUM AND ORDER**

May 9, 2006

**Background**

Antwone Walker ("Petitioner") initiated this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 while confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania ("FCI-Schuylkill"). Named as Respondent is FCI-Schuylkill Warden Ronnie Holt. Service of the petition was previously ordered.

Petitioner pled guilty to charges of robbery and conspiracy in the Superior Court for the District of Columbia. On January 17, 1996, he was sentenced to a ten (10) year term of imprisonment. Walker was paroled from that sentence on February 17, 2002. In his present action, Petitioner initially claims that he was not afforded a probable cause hearing within five (5) days with respect to a parole violator warrant executed by the United States Parole Commission ("Parole Commission") on August

26, 2004.  Walker states that the alleged possession of cocaine with intent to distribute charge set forth in the parole violation warrant coincided with his arrest that same day on a criminal charge of possession of cocaine in the District of Columbia.

Walker's second claim maintains that the Parole Commission violated his due process rights by not holding his "parole hearing/probable cause hearing" in abeyance pending final disposition of his criminal case.  Petitioner notes that his District of Columbia charge of possession of cocaine was ultimately dismissed for lack of prosecution on or about April 13, 2005.[1]  See Record document no. 1, Addendum, p. 3.  He next asserts that the Parole Commission mis-characterized his drug offense as being one of possession with intent to deliver which caused an erroneous increase in his salient factor score[2].  Walker further claims that his attorney provided him with ineffective assistance and that he was improperly denied permission to subpoena his girlfriend as a witness.

According to the Respondent, the Parole Commission issued a warrant charging Walker with violating the terms of his parole on August 18, 2004.  Specifically, the warrant alleged that Petitioner: failed to report a change in residence; falsified supervision reports; possessed crack cocaine with an intent to distribute; and operated

---

[1] Petitioner indicates that he did not become aware of the dismissal of his criminal charge until September 25, 2005.

[2] A federal prisoner's salient factor score and along with an offense severity rating are used in conjunction with a matrix chart to form a suggested period of incarceration for each inmate.

a motor vehicle without a permit. On August 27, 2004, Walker was arrested pursuant to the warrant. Four days later, on August 31, 2004, the Petitioner was given a probable cause hearing.

During the course of his probable cause hearing, the Respondent asserts that Walker admitted to failing to report his change in residence, falsifying supervision reports, and driving without a permit. However, Petitioner denied the drug charge, stating that he had only been criminally charged with possession of cocaine. The Parole Commission ordered a local revocation hearing.

Petitioner's local revocation hearing was convened on January 13, 2005. Walker was represented by counsel. Testimony was given by a District of Columbia Park police officer who arrested Petitioner on the drug charge and by Walker's supervising parole officer. The police officer testified that he approached the Petitioner in a park and upon further investigation found him to be in possession of fifteen (15) bags of crack cocaine and eight (8) Ecstasy tablets. Petitioner maintained that the drugs were for personal use. However, the parole officer gave testimony that Petitioner had never tested positive for drug use during one year of supervision. Following the hearing, the Parole Commission concluded that Petitioner had violated the terms of his parole and ordered that he be recommitted to serve a twenty (20) month term. The National Appeals Board affirmed the decision on direct administrative appeal.

**Discussion**

Walker filed his present habeas corpus petition on November 14, 2005. By Order dated November 22, 2005, Petitioner's motion to waive the filing fee requirement was denied and he was directed to either pay the required filing fee or submit an in forma pauperis application. The required filing fee was paid on December 8, 2005. Service of the petition was ordered on December 19, 2005. After being granted an enlargement of time, the Respondent filed an answer to the petition on January 24, 2006.[3]

The Respondent's response indicates in part that Walker was eligible for reparole on April 16, 2006. See Record document no. 12, p. 4. Upon further investigation via the Federal Bureau of Prisons' Inmate Locator website, www.bop.gov., this Court confirmed that Petitioner was reparoled from a halfway house on April 14, 2006.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis,

---

[3] Although Petitioner was granted until February 10, 2006 in which to file a reply, one was not submitted.

494 U.S. at 477.

A habeas petitioner like Walker who challenges the validity of a parole revocation always satisfies the case or controversy requirement by the mere fact of his incarceration.  The existing incarceration constitutes the injury, and both may be redressable by the invalidation of the conviction or parole determination.  However, in a case like the present, where the incarceration has ended, ". . . some 'collateral consequence' of the conviction (or parole) -- must exist if the suit is to be maintained."  Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 983 (1998).[4]

Petitioner's present action alleges that he was denied due process during his parole revocation.  As relief, Walker seeks either his immediate release from incarceration or that he be afforded a special reconsideration hearing.  See Record document no. 1, Addendum, p. 6.  As previously noted, the Petitioner was released from a halfway house on April 14, 2006.

Based on the rationale set forth by the Supreme Court in Spencer, in order for Walker to maintain this action, continuing collateral consequences must exist or be presumed.  Id., 118 S. Ct. at 983.  It has been held that most criminal convictions do involve adverse collateral legal consequences.  See Sibron v. New York, 392 U.S. 40, 55 (1968); Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  However, the same presumption of collateral consequences has been found not to extend to the situation

---

[4] In Spencer, an attack to a parole revocation by a prisoner who had gained his release was deemed to lack any collateral consequences.

of parole revocation.  See Lane v. Williams, 455 U.S. 624, 632-34 (1982); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002).

Petitioner has failed to assert or demonstrate any collateral consequences which may be attributable to his instant claim of improper  parole revocation.  As such, under the principles set forth in Spencer, Lane, and Kissinger Walker's release from incarceration has caused his instant petition to become moot since it no longer presents an existing case or controversy.  Consequently,

**IT IS HEREBY ORDERED:**

    1.    The petition for writ of habeas corpus is dismissed as moot.

    2.    The Clerk of Court is directed to close the case.

    3.    Based on the Court's decision herein, there is no basis for the issuance of a certificate of appealability.

     s/ James F. McClure, Jr.
       JAMES F. McCLURE, JR.
    United States District Judge